UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| In re:<br>NORTH PIER OCEAN VILLAS<br>HOMEOWNERS ASSOCIATION, INC.,<br>    Debtor. | Case No.:<br>21-01760-5-DMW<br>Chapter 11 |
| NORTH PIER OCEAN VILLAS<br>HOMEOWNERS ASSOCIATION, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>NORTH WIND HOMEOWNERS ASSOCIATION, INC.; MICHAEL T. RAY and SUSAN C. RAY; KENNETH GRODEK and SUSAN GRODEK; DAVID GLENDENNING; DOROTHY N. GOODWIN; PATRICK J. SAFRAN and CHRISTINA L. PATRICK; JEROME E. PINNEY and LAURIE L. PINNEY; TRACEY L. KENDRICK and SHARON D. KENDRICK and NORTH PIER ASSOCIATES, LIMITED PARTNERSHIP,<br><br>    Defendants. | Adversary Proceeding No.<br>22-_____-5-DMW<br><br><br>COMPLAINT FOR<br>DECLARATORY JUDGMENT |

Plaintiff, North Pier Ocean Villas Homeowners Association, Inc., a North Carolina Corporation, ("Plaintiff" or the "Association") alleges and avers the following:

**<u>NATURE AND PURPOSE OF THIS ADVERSARY PROCEEDING</u>**

1. This adversary proceeding seeks a declaratory judgment that the access easement described below in favor of Defendants has been abandoned and Plaintiff is entitled to an order declaring that any claim or interest asserted by Defendants in connection with or arising from said easement is void, together with any actual and statutory damages, attorneys' fees and costs.

1

2. This action is necessary to enable the sale of the condominium units, together with the associated common areas, comprising the North Pier Ocean Villas condominium complex free and clear of all encumbrances of record, and enable the consummation of Debtor's pending Plan of Liquidation.

## JURISDICTION AND VENUE

3. This adversary proceeding is filed in accordance with the provisions of 11 U.S.C. § 541(a), 11 U.S.C. § 363(f), and Rule 7001(1), (2), (3), and (9) of the Federal Rules of Bankruptcy Procedure. This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N), and (O).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## THE PARTIES

5. Plaintiff is a not-for-profit corporation organized and existing under the laws of the State of North Carolina and doing business in New Hanover County, North Carolina.

6. Plaintiff was incorporated in 1984 pursuant to Chapter 47A of the North Carolina General Statutes, the North Carolina "Unit Ownership Act." It serves as the homeowners' association for North Pier Ocean Villas, a condominium/timeshare development located in Carolina Beach, North Carolina. The Plaintiff is the governing body for the development and exists to manage, operate, and maintain North Pier Ocean Villas.

7. Upon the filing of a voluntary bankruptcy petition on August 5, 2021, Plaintiff became the debtor in the above-captioned Chapter 11 proceeding.

8. Defendant North Wind Homeowners Association, Inc. (hereafter "North Wind") is, upon information and belief, a North Carolina not-for-profit corporation operating as the homeowners' association for the North Wind condominium complex, located in Carolina Beach,

New Hanover County, North Carolina, with a registered agent address of: c/o Doris Whitley, 200 Lake Park Boulevard, P.O. Box As, Carolina Beach, North Carolina 28428.

9. Upon information and belief, Defendants Michael T. Ray and Susan C. Ray are a married couple with a mailing address of 3024 Tingen Road, Apex, North Carolina 27502 and the owners (hereafter with other owners of North Wind referred to collectively as the "Individual Owners" of North Wind) of Unit 1 of North Wind.

10. Upon information and belief, Defendants Kenneth Grodek and Susan Grodek are a married couple with a mailing address of 4748 Sunny Lane, Brooklyn, Ohio 44144 and the owners of a one-half undivided interest in Unit 2 of North Wind.

11. Upon information and belief, Defendant David Glendenning is an individual with a mailing address of 4517 Combs Forest Court, Leland, NC 28451 and the owner of a one-half undivided interest in Unit 2 of North Wind.

12. Upon information and belief, Defendant Dorothy N. Goodwin is an individual with a mailing address of 1805 Small Court, Raleigh, North Carolina 27612 and the owner of Unit 3 of North Wind.

13. Upon information and belief, Defendant Patrick J. Safran is an individual with a mailing address of 642 Inglefield Drive, Pittsburgh, Pennsylvania 15236 and the owner of a one-half undivided interest in Unit 4 of North Wind.

14. Upon information and belief, Defendant Christina L. Patrick is an individual with a mailing address of 1015 Peairs Road, Elizabeth, Pennsylvania 15037 and the owner of a one-half undivided interest in Unit 4 of North Wind.

15. Upon information and belief, Defendants Jerome E. Pinney and Laurie L. Pinney are a married couple with a mailing address of 3154 W. Streetsboro Road, Richfield, Ohio 44286 and the owners of Unit 5 of North Wind.

16. Upon information and belief, Defendants Tracey L. Kendrick and Sharon D. Kendrick are a married couple with a mailing address of 717 Country Club Road, Roxboro, North Carolina 27574 and the owners of Unit 6 of North Wind.

17. Defendant North Pier Associates, L.P. (hereafter "NPA") is, upon information and belief, a North Carolina limited partnership with a principal business address of 2406 N. 23rd Street, Wilmington, North Carolina 28401.

18. The Defendants are named in this adversary proceeding as the direct or indirect beneficiaries of rights and interests of record appurtenant to the granting of an access easement (the "Easement") to W. L. Barnwell by North Pier, Inc. on or about January 3, 1984 as more described particularly described in Book 1242, Page 599 of the New Hanover County Registry.

## STATEMENT OF FACTS

19. All facts common to this action relate to three parcels of real estate, which in aggregate represent a portion of a conveyance of land from Carolina Beach Fishing Pier, Inc. to North Pier, Inc. (hereafter "NPI") on October 28, 1983 and identified by deed in Book 1237, Page 228 of the New Hanover County Registry. These three tracts include (i) the land currently occupied by North Pier Ocean Villas; (ii) a portion of the land currently occupied by the North Wind condominium complex; and (iii) a parcel of land situated between the aforementioned tracts and currently owned by Defendant NPA.

20. Following this initial conveyance, on December 28, 1983 NPI conveyed both a strip of real estate, together with the subject Easement, to W. L. Barnwell (hereafter "Barnwell"). By

way of a prior conveyance on August 3, 1983 Barnwell had obtained additional adjacent parcels, which, when combined with the strip of land conveyed to him by NPI on December 28, 1983, comprise the real estate presently occupied by the North Pier condominium complex. Shortly before the conveyance of the Easement and strip of land by NPI, Barnwell recorded a Declaration Regarding Unit Ownership of North Wind on December 21, 1983, at Book 1242, Page 603 of the New Hanover County Registry (the "North Wind Declaration"). The North Wind Declaration was recorded for the purpose of submitting the real estate acquired by Barnwell on August 3, 1983 to a condominium regime, then developing and selling what would become the North Wind condominium complex. Attached hereto and incorporated herein as **Exhibit A**, is a true and accurate copy of a portion of the North Wind Declaration, as appearing in Book 1242, Pages 634 and 635, describing the Easement as part of the conveyance from NPI and illustrating the existence of the Easement (identified as "12' Access Easement") across property identified as "Future Phases of North Pier Ocean Villas."

21. The Declaration of Condominium for North Pier Ocean Villas (the "Condominium Declaration") was recorded by NPI on May 4, 1984, in Book 1253, Page 687 of the New Hanover County Registry. The Timeshare Declaration, an overlay to the condominium regime (the "Timeshare Declaration"), was recorded by NPI on May 9, 1984, in Book 1253, Page 733 of the New Hanover County Registry and subsequently terminated on September 30, 2021. Phases II through V of North Pier Ocean Villas were represented by Supplemental Declarations to the Condominium Declaration, culminating with the Phase V Supplement Declaration recorded on March 8, 1996.

22. On April 2, 1985, NPI conveyed a tract of real property to Defendant NPA evidenced by a deed recorded April 3, 1985 and recorded at Book 1283, Page 1180 of the New

Hanover County Registry. This conveyance relates to a parcel of land lying between North Pier Ocean Villas to the south, and North Wind to the north. This conveyance to NPA was subject to the Easement.

23. The Easement is twelve feet (12') wide and approximately three hundred feet (300') long. It runs south to north across the parcels occupied by North Pier Ocean Villas and owned by NPA. To the south, the Easement is bordered by Salt Marsh Lane, a public road. To the north, the Easement is bordered by the property occupied by North Wind. Upon information and belief, the purpose of the Easement was to permit vehicular access from North Wind to Salt Marsh Lane.

24. However, at no time since the conveyance of the Easement have North Wind, its Individual Owners or NPA utilized the easement for any purpose, including travel between their respective tracts and Salt Marsh Lane. Instead, both North Wind, its Individual Owners and NPA have exclusively used direct, alternate access to Canal Drive, a major public road bordering the tracts occupied by North Pier Ocean Villas, North Wind and NPA.

25. In 2015, NPA erected fences on the northern and southern boundaries of its property, physically blocking the Easement from any traffic (vehicular or foot) from the North Wind or NPA parcels through Plaintiff's property. A true and accurate aerial photograph of the subject properties, including identification of the fences, is attached hereto as **Exhibit B**. At no point has North Wind or its Individual Owners objected to the construction of the fences as they exclusively used available access to Canal Drive.

26. At no point since NPA's construction of the fences blocking the Easement have North Wind or the Individual Owners objected to their inability to use the Easement to access Plaintiff's property and/or Salt Marsh Lane. Instead, these Defendants have chosen to use – exclusively – available access to Canal Drive across property owned by NPA.

## CLAIM FOR RELIEF
### Declaratory Judgment

27. Plaintiff hereby incorporates by reference paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff, through the Condominium Declaration, holds and controls the property occupied by North Pier Ocean Villas, including that portion of the property presently subject to and encumbered by the Easement.

29. Defendants North Wind and the Individual Owners have never utilized the Easement for any purpose. Instead, North Wind and the Individual Owners have taken the affirmative action of utilizing an alternate route to Canal Drive, a public road and right of way adjacent to the North Pier development.

30. Defendant NPA has taken the affirmative action of constructing fences that physically block the Easement in two places and eliminate all vehicular and foot traffic along the Easement from North Wind through North Pier Ocean Villas.

31. Both North Wind, the Individual Owners and NPA have, through their actions, evidenced a clear intent to abandon the Easement.

32. Plaintiff is therefore entitled to a declaration that any rights or interests arising from the conveyance of the Easement to W. L. Barnwell, including any rights or interests obtained by North Wind or the Individual Owners as successors-in-interest, have been abandoned by Defendant North Wind and its Individual Owners, and the Easement should be deemed terminated.

33. Plaintiff is further entitled to a declaration that NPA, by virtue of its actions, has abandoned any rights it may possess in connection with the grant of the Easement to Barnwell, and, by extension, North Wind, including the use of the Easement across the property comprising North Pier Ocean Villas.

**WHEREFORE**, the Plaintiff prays for an Order of this Court:

1.  Declaring that the Easement identified herein, and described in that conveyance from North Pier, Inc. to W. L. Barnwell, Deed Book 1242, Page 599, has been abandoned by Defendants; and

2.  Declaring that any and all rights and interests appurtenant to the Easement have been deemed terminated as to all Defendants; and

3.  Granting such other and further relief as the Court deems appropriate.

DATED: January 26, 2022

                                              AYERS & HAIDT, P.A.

                                              */s/ David J. Haidt*
                                              DAVID J. HAIDT
                                              N.C. State Bar No. 22092
                                              Attorneys for North Pier Ocean Villas
                                                 Homeowners Association, Inc.
                                              P.O. Box 1544
                                              New Bern, NC 28563
                                              N.C. State Bar # 22092
                                              Telephone: (252) 638-2955
                                              davidhaidt@embarqmail.com

BOOK    PAGE
1242    0603

RECORDED AND VERIFIED
REBECCA P. TUCKER
REGISTER OF DEEDS
NEW HANOVER CO. NC
JAN 3  4:32 PM '84

EXHIBIT A

STATE OF NORTH CAROLINA : DECLARATION CREATING UNIT
                        : OWNERSHIP OF NORTH WIND
COUNTY OF NEW HANOVER   :

THIS DECLARATION, made this the 21st day of December, 1983, by WILLIAM L. BARNWELL, who is a resident of New Hanover County, State of North Carolina, hereinafter referred to as "DECLARANT":

### KNOW ALL MEN BY THESE PRESENTS:

57

THAT, WHEREAS, the Declarant is the owner of record of the fee simple title of certain real property in the County of New Hanover, State of North Carolina, which is more particularly described in Exhibit "A" attached hereto and made a part hereof by reference; and

WHEREAS, the Declarant is the owner of the one multi-unit building and certain other improvements heretofore constructed upon the aforesaid property; and

WHEREAS, it is the desire and the intention of the Declarant to market, sell and convey interests in the property and the improvements thereon as a condominium project pursuant to the provisions of Chapter 47A of the North Carolina General Statutes, entitled "Unit Ownership Act"; and

WHEREAS, it is the desire and intention of the Declarant in the recordation of this DECLARATION in the Office of the Register of Deeds of New Hanover County, North Carolina, to submit said condominium project to the provisions of the said Chapter 47A;

NOW, THEREFORE, THE DECLARANT DOES HEREBY DECLARE THAT ALL OF THE REAL PROPERTY DESCRIBED IN EXHIBIT "A", ATTACHED HERETO AND MADE A PART HEREOF BY REFERENCE, AS WELL AS ALL OF THE IMPROVEMENTS CONSTRUCTED THEREON, IS HELD AND SHALL BE HELD, CONVEYED, HYPOTHECATED, ENCUMBERED, USED, OCCUPIED, AND IMPROVED SUBJECT TO THE FOLLOWING ARTICLES OF COVENANTS, CONDITIONS, RESTRICTIONS, USES, LIMITATIONS AND OBLIGATIONS, ALL OF WHICH ARE DECLARED TO BE IN FURTHERANCE OF A PLAN FOR THE IMPROVEMENT OF SAID PROPERTY AND THE DIVISION THEREOF INTO CONDOMINIUM UNITS AND SHALL BE DEEMED TO RUN WITH THE LAND AND SHALL BE A BURDEN AND A BENEFIT TO THE DECLARANT, ITS SUCCESSORS AND ASSIGNS, AND ANY PERSON OR ENTITY ACQUIRING OR OWNING AN INTEREST IN THE REAL PROPERTY AND IMPROVEMENTS, OR ANY SUBDIVISION THEREOF, THEIR GRANTEES, SUCCESSORS, HEIRS, EXECUTORS, ADMINISTRATORS, DEVISEES AND ASSIGNS.

*James A. MacDonald*
*P.O. Box 241*
*City*

EXHIBIT "A"

BOOK 1242 PAGE 0634

North Wind

BEGINNING at a point in the Eastern right of way line of Canal Drive (20 feet from the center line thereof), said beginning point being located North 28 degrees 06 minutes East 294.1 feet as measured Northwardly along the Eastern right of way line of Canal Drive from its point of intersection with the Northern line of Salt Marsh Lane (formerly 16th. Avenue, 12.5 feet from the center line thereof); Running thence from said beginning point with the Eastern right of way line of Canal Drive North 28 degrees 06 minutes East 55.9 feet to a point; Running thence South 61 degrees 54 minutes East 189.9 feet to a point; Running thence South 07 degrees 20 minutes West 53.48 feet to a point; Running thence North 61 degrees 54 minutes West 121.86 feet to a point; Running thence South 28 degrees 06 minutes West 5.9 feet to a point; Running thence North 61 degrees 54 minutes West 87.0 feet to the point of beginning. Being lot 17 and part lots 7,16, Block 217 Carolina Beach, recorded in map Book 3 at Page 67 New Hanover County Registry. Together with a 12 foot access easement being located as Follows; Beginning at a point in the Northern right of way line of Salt Marsh Lane, said point being located South 61 degrees 54 minutes East 75.0 feet as measured Eastwardly from the point of intersection of the Northern right of way line of Salt Marsh Lane with the Eastern right of way line of Canal Drive; Running thence from said beginning point North 28 degrees 06 minutes East 294.1 feet to the Southern line of the above described tract; Running thence with the Southern line of the above described tract, South 61 degrees 54 minutes East 12.0 feet. Running thence South 28 degrees 06 minutes West 294.1 feet to a point in the Northern right of way line of Salt Marsh Lane; Running thence with the Northern right of way line of Salt Marsh Lane, North 61 degrees 54 minutes West 12.0 feet to the point of beginning.

[Survey plat / map document — New Hanover County, North Carolina, dated 12-28-83, Book 1242 Page 0635. Shows a site plan with Canal Drive, Salt Marsh Lane (formerly 16th Avenue), a 3-story condominium building on pilings with Units 1 and 2, common area, future phases, and access easement. Includes signatures, notary seals (Evonne M., New Hanover County), surveyor seal of Jack G. Stocks, and architect seal of David Miller Nichols, No. 3943, Columbia, S.C. Survey reference: Lot 17 and part of Lot 18, Block 217, Carolina Beach, Map Book 3 Page 67. Federal Point Township, New Hanover County, North Carolina. Scale in feet: 20 0 20 40 60 80. Location map shown at bottom right with Atlantic Ocean. Legend indicates adjacent boundary lines, unit boundaries, common limited common areas, structural boundaries, and stairs. Labeled "NORTH WIND" on left side. Exhibit "B".]

EXHIBIT B


